UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JALISA F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C22-5515-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1989.[1] Plaintiff has at least a high school education and previously worked as a fast food worker. AR 24. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on August 5, 2019, alleging disability beginning May 9, 2018. AR 15. The applications were denied at the

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

initial level and on reconsideration. On May 27, 2021, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 30–67. On June 30, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 15–25. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 16, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ found that Plaintiff has the following severe impairments: Opioid Use

Disorder, Methamphetamine Use Disorder, Depressive Disorder, and Anxiety Disorder. AR 18. The ALJ also found that the record contained evidence of right corneal abrasion, hemorrhoids, and cannabis use; however, the ALJ found that these conditions did not rise to the level of severe. AR 18.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 18–19.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform at all exertional levels, with the following limitations:

> She could understand, remember, and apply short and simple instructions, perform routine tasks not in a fastpaced, production type environment, while making only simple decisions, with only occasional interaction with the general public.

AR 19–20. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 24.

At step five, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 25. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as cleaner II, kitchen helper, and stores laborer. AR 25.

Plaintiff argues on appeal that the ALJ's decision is not supported by substantial evidence because the ALJ failed to reconcile opinions that the ALJ found persuasive with the RFC determination. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**RFC**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and

ORDER
PAGE - 3

assess their work-related abilities on a function-by-function basis. *See* 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling (SSR) 96-8p. The RFC is the most a claimant can do considering their limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p

Plaintiff argues that the ALJ failed to reconcile the RFC with the opinions of state agency consultants Dr. Christmas Covell, Ph.D., and Dr. Gary Nelson, Ph.D. Dkt. 10, at 3–5. On September 6, 2018, Dr. Covell reviewed Plaintiff's records and opined that Plaintiff is moderately limited in her ability to interact appropriately with the general public and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 75. Dr. Covell further opined that Plaintiff is moderately limited in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and work week without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. AR 74–75. On October 18, 2019, Dr. Gary Nelson, Ph.D., assessed substantially similar limitations. AR 99–100.

The ALJ found the opinions of Dr. Covell and Dr. Nelson persuasive, finding the opinions "consistent with and supported by the objective medical evidence which shows symptom improvement and even mood stability with treatment." AR 23.

Plaintiff argues that the RFC fails to contemplate Dr. Covell and Dr. Nelson's opinions that Plaintiff would be limited in her ability to maintain attendance and punctuality. Dkt. 10, at 4–6. "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In assessing Plaintiff's limitations, Dr. Covell and Dr. Nelson explained that Plaintiff "may have difficulties at times with

ORDER
PAGE - 4

attendance [and] punctuality . . . but can perform within acceptable workplace standards." AR 75, 99. Plaintiff points to VE testimony that Plaintiff's being absent more than once per month is work preclusive. Dkt. 10, at 6 (citing AR 64). However, neither Dr. Covell nor Dr. Nelson assessed that Plaintiff would be absent more than one day per month—indeed, the doctors did not provide any specific limitation regarding the frequency of Plaintiff's potential attendance and punctuality difficulties. *See Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (an ALJ is not required to adopt a medical opinion that does not identify any specific limitations or conflict with the ALJ's RFC determination). Further, although Dr. Covell and Dr. Nelson assessed Plaintiff with moderate limitations in her ability to complete a normal workday and workweek and perform at a consistent pace without unreasonable rest periods, the doctors nevertheless opined that Plaintiff "can perform within acceptable workplace standards." AR 75, 99. Therefore, the RFC reasonably accounts for Dr. Covell and Dr. Nelson's opinion that Plaintiff can perform within acceptable workplace standards, and the ALJ did not err by not accounting for the doctors' speculation that Plaintiff "may" have difficulties with attendance and punctuality. *See Khal v. Berryhill*, 690 Fed. Appx. 499, 501 (9th Cir. 2017) (finding a physician's opinion that the plaintiff was "probably incapable of work" to be equivocal and less compelling).

Plaintiff argues that the RFC fails to contemplate Dr. Covell's opinion that Plaintiff would be limited in her ability to interact with coworkers and fails to restrict Plaintiff to only superficial contact with coworkers and other employees. Dkt. 10, at 4–6. Plaintiff points to VE testimony that Plaintiff's being off task 15 percent of the time would be work preclusive. *Id.* at 6 (citing AR 64). Dr. Covell assessed that Plaintiff would be "moderately limited" in her ability to get along with coworkers without distracting them or exhibiting behavioral extremes and further explained that Plaintiff is "[n]ot well suited to work with the public or closely with coworkers." AR 74. However,

ORDER
PAGE - 5

Dr. Covell did not opine that Plaintiff would be off task 15 percent of the time and only assessed that Plaintiff "is able to interact for brief periods of time on a superficial basis with *others* in a work setting." AR 75 (emphasis added). Similarly, Dr. Nelson opined that Plaintiff "is capable of interacting [with the] public on an occasional/superficial basis" but assessed that Plaintiff is not significantly limited in her ability to interact with coworkers. AR 99–100. Accordingly, although Dr. Covell opined that Plaintiff is not "well suited" to work closely with coworkers, neither Dr. Covell nor Dr. Nelson specifically limited Plaintiff to superficial contact with coworkers or other employees. *See Rounds*, 807 F.3d at 1006 (an ALJ may "rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations"). Therefore, the ALJ reasonably interpreted and incorporated the doctors' opinions in the RFC by limiting Plaintiff's contact with the general public, and the ALJ did not err by not restricting Plaintiff to only superficial contact with coworkers and other employees. *See Turner*, 613 F.3d at 1223 (the ALJ properly incorporates medical findings by assessing limitation that are "entirely consistent" with a physician's limitations).

Even if the ALJ erred by failing to limit Plaintiff's interactions with coworkers in the RFC and VE hypothetical, this error would be harmless in this case. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). The Dictionary of Occupational Titles (DOT) provides that the jobs identified at step five do not require significant work with other people. *See* DOT 318.687-010 (kitchen helper); DOT 919.687-014 (cleaner II); DOT 922.687-058 (laborer, stores). Further, the VE testified that all three of the jobs identified at step five are unskilled, which jobs "ordinarily involve dealing primarily with objects, rather than with data or people . . . ." AR 63–64; SSR 85-15. Therefore, even if the ALJ erred by failing to include

ORDER
PAGE - 6

limitations relating to Plaintiff's ability to interact with coworkers and other employees in the RFC and VE hypothetical, this error would be harmless because it would be inconsequential to the nondisability determination. *See Stout*, 454 F.3d at 1055.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 27th day of April, 2023.

MARY ALICE THEILER
United States Magistrate Judge